In re Michael Duane **HOWERY,** Debtor.

No. 01–57393.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

March 28, 2002.

Curtis Cockerill, Columbus, OH, for Debtor.

Douglas Haman, Nielson & Sherry, PSC, Newport, KY, for Provident Bank.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

### OPINION AND ORDER ON PROVIDENT BANK'S MOTION FOR RELIEF FROM STAY

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion of Provident Bank for an order terminating the automatic stay with respect to certain real property owned by the debtor and located at 1800 Glenmate Court, Columbus, Ohio. The Court entered an order continuing the stay until a final hearing to be held on February 21, 2002. The debtor filed a memorandum in opposition to the motion for relief from stay. Provident Bank then filed a reply memorandum in support of its motion and also moved to strike the debtor's response. Lastly, the debtor filed a memorandum in opposition to the motion to strike.

The Court first considered the motion to strike. The response to Provident Bank's motion for relief from stay consisted of a statement that the debtor would catch up his mortgage payments if behind. The Court admonished the debtor's attorney for what appears to have been a boilerplate response and informed him that in the future, such responses, without more, would not be a sufficient basis for going forward with a contested hearing. For the purpose of this hearing, however, the Court orally denied Provident Bank's motion to strike.

Provident Bank's sole evidence in support of relief from the automatic stay presented during its case-in-chief was a photocopy of a certified copy of an open-end mortgage executed by the debtor. The debtor objected to the admission of the mortgage because it was not a certified copy. Provident Bank also sought admission of an account ledger from the office of the standing chapter 13 trustee evidencing the debtor's plan payments from the beginning of the case. Local Bankruptcy Rule 9013–1(g) provides for the admissibility of records obtained from the standing trustee, in certain instances. However, a party who wishes to rely on this provision must attach a copy of the records to that party's motion or memorandum. Because Provident Bank did not attach a copy of the account ledger to either its motion for relief from stay or its reply memorandum and did not otherwise lay a proper foundation, the Court did not receive the account ledger into evidence.

The only witness at the hearing was the debtor. He testified as to the financial difficulties that led him to seek chapter 13 relief. At the time his plan was confirmed, he was employed by Kech's Building Maintenance, but his pay there was insufficient to fund his plan payment and meet his expenses. He quit Kech's, obtained a truck, and went back into business. The truck broke down six times, however, and eventually he had to sell it. He is starting a new job and will be initially working 35 hours a week at $15 per hour. Plan payments will be made via payroll deduction. His hours will increase in the spring and he should receive overtime. He is also receiving a $1,100 tax refund which he will turn over to the chapter 13 trustee.

The debtor further testified that he resides in the home that is subject to Provident Bank's mortgage. He estimates that he can catch up his payments within six months.

■ Provident Bank asserts that it is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) for cause, namely, a lack of adequate protection. In

854

order to prevail, under the provision Provident Bank must at the outset establish a *prima facie* case that includes the following: (1) a demonstration of a debt owing from the debtor to Provident Bank; (2) a valid security interest possessed by Provident Bank that secures the debt; and (3) a decline in the value of the collateral securing the debt combined with the debtor's failure to provide adequate protection of Provident Bank's interest. Only if Provident Bank establishes a *prima facie* case does the burden shift to the debtor to produce evidence showing that Provident Bank is adequately protected. *See In re Planned Systems, Inc.*, 78 B.R. 852, 860 (Bankr.S.D.Ohio 1987).

■ Provident Bank also asserts as "cause" the debtor's failure to make the payments required under his chapter 13 plan. To prevail on this assertion, Provident Bank must show either through the records of the chapter 13 trustee or by the debtor's testimony during its case-in-chief that the required payments had not been made.

■ Provident Bank alternatively seeks relief under § 362(d)(2) based on its allegations that there is no equity in the debtor's residence and that retention of the residence is not necessary to the debtor's effective reorganization. Under this provision Provident Bank has the burden of proof on the issue of the debtor's equity in the property. If Provident Bank sustains its burden, then the debtor must establish that the property is necessary for his effective reorganization. *See* 11 U.S.C. § 362(h).

■ Upon consideration of both prongs of Provident Bank's motion, the Court concludes that Provident Bank is not entitled to relief from the automatic stay. While Provident Bank arguably established that it was owed a debt by the debtor and possessed a valid mortgage securing this debt, it did not present any evidence dur-

ing its case-in-chief that the property was declining in value, that the debtor was not making the payments required under his confirmed chapter 13 plan, or that the debtor lacked equity in the property. Without such evidence, the Court is unable to grant stay relief under either § 362(d)(1) or (2).

Based on the foregoing, the Court **DENIES** Provident Bank's motion for relief from stay.

**IT IS SO ORDERED.**